UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN A. BROWN,<br><br>    Petitioner,<br><br>    v.<br><br>E. ARNOLD,<br><br>    Respondent. | No. 2:17-CV-1344 TLN DB P<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Presently before the court is respondent's motion to dismiss. (ECF No. 14.) For the reasons set forth below, the court will recommend that this action be dismissed without prejudice.

**BACKGROUND**

Following a jury trial in the Sacramento County Superior Court, petitioner was found guilty of second-degree robbery, sexual battery, false imprisonment, and vehicle theft. (LD 1.[1]) On January 8, 2016, the court imposed a sentence of sixty-six years to life. (LD 1.) On January 13, 2016, petitioner filed a notice of appeal. (ECF No. 14-1.) The matter was fully briefed on

---

[1] Respondent lodged state court records with his motion to dismiss. (See ECF No. 15.) Each document is referenced herein by its Lodged Document ("LD") number.

1

March 15, 2017 and is currently pending in the Third District Court of Appeal.[2] Petitioner filed a habeas petition here on June 30, 2017. (ECF No. 1.) On January 22, 2019 respondent moved to dismiss the petition. (ECF No. 14.) Petitioner filed an opposition (ECF Nos. 18, 20)[3] and respondent filed a reply (ECF No. 19).

## MOTION TO DISMISS

### I. Respondent's Motion

Respondent argues that the Supreme Court's decision in Younger v. Harris, 401 U.S. 37 (1971), require the court to abstain from interfering in pending state criminal proceedings. (ECF No. 14 at 2.)

### II. Petitioner's Opposition

Petitioner argues that the court should deny the motion to dismiss because his federal constitutional claims are not being raised on direct appeal. (ECF No. 18 at 3.) Petitioner further claims that the direct appeal that is presently pending is dealing with trial issues regarding guilt and the habeas petition related to his claims regarding the preliminary examination. He argues that even if he were to be granted relief on his direct appeal he could still be retried, but that if this court grants the relief he seeks the prosecution would be unable to retry him on the challenged charges. (ECF No. 18 at 3-4.)

Petitioner additionally argues that he has exhausted the claims presented in the federal petition because he presented them to the Sacramento Superior Court, the Third Appellate District, and the California Supreme Court. Petitioner further argues that the claims presented in his petition are distinct from the claims his appellate counsel has presented on appeal.

### III. Legal Standards for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not

---

[2] The docket for petitioner's state appeal, #C081100 is available on the state appellate courts' website: http://appellatecases.courtinfo.ca.gov. A court may take judicial notice of "matters of public record" pursuant to Federal Rule of Evidence 201.

[3] Upon review of ECF Nos. 18 and 20 it appears that they are identical, and petitioner has filed a copy of the original opposition. All further references to the opposition shall be to ECF No. 18.

2

entitled to relief in the district court . . . ." Rule 4, Rules Governing Section 2254 Cases; see also White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (meritorious motions to dismiss permitted under Rule 4); Gutierrez v. Griggs, 695 F.2d 1195, 1198 (9th Cir. 1983) (Rule 4 "explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is stated"); Vargas v. Adler, No. 1:08-cv-1592 YNP [DLB] (HC), 2010 WL 703211, at *2 (E.D. Cal. 2010) (granting motion to dismiss a habeas claim for failure to state a cognizable federal claim). Moreover, the Advisory Committee Notes to Rule 8 of the Rules Governing Section 2254 Cases indicate that the court may dismiss a petition for writ of habeas corpus: on its own motion under Rule 4; pursuant to the respondent's motion to dismiss; or after an answer to the petition has been filed. See, e.g., Miles v. Schwarzenegger, No. CIV S-07-1360 LKK EFB P, 2008 WL 3244143, at *1 (E.D. Cal. Aug. 7, 2008) (dismissing habeas petition pursuant to respondent's motion to dismiss for failure to state a claim), rep. and reco. adopted, No. CIV S-07-1360 (E.D. Cal. Sept. 26, 2008). However, a petition for writ of habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971) (per curium).

**IV.    Younger Abstention**

Principles of comity and federalism weigh against a federal court interfering with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances. Younger v. Harris, 401 U.S. 37, 43-54 (1971). Younger abstention is required when (1) state proceedings, judicial in nature, are pending; (2) state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. See Middlesex County Ethic Comm. v. Garden State Bar Ass'n., 457 U.S. 423, 432 (1982); Ohio Civil Rights Comm'n v. Dayton Christian Schs., Inc., 477 U.S. 619, 627 (1986).

A petitioner must await the outcome of the state appellate proceeding "even where the issue to be challenged in the writ of habeas corpus has been finally settled in the state courts." Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir. 1983). This is because "the pending appeal may result in reversal of the petitioner's conviction on some other ground," thus "mooting the

3

federal question." Id. "When a case falls within the proscription of Younger, a district court must dismiss the federal action." Fresh Int'l Corp. v. Agricultural Labor Relations Bd., 805 F.2d 1353, 1356 (9th Cir. 1986) (citing Juidice v. Vail, 430 U.S. 327, 337 (1977)). In addition, there is no discretion to grant injunctive relief if the case is within the Younger category of cases. Id. (citing Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 816 n.22 (1976)).

The Younger doctrine stems from the longstanding public policy against federal court interference with state court proceedings. Younger, 401 U.S. at 43. Federal courts should not enjoin pending state criminal prosecutions absent a showing of the state's bad faith or harassment. Id. at 46, 53-54 (holding that the cost, anxiety, and inconvenience of criminal defense are not the kind of special circumstances or irreparable harm that justify federal court intervention); Dubinka v. Judges of the Superior Court, 23 F.3d 218, 225-26 (9th Cir. 1994). Additionally, irreparable harm alone is insufficient to warrant federal intervention unless the irreparable harm is both great and immediate. Pulliam v. Allen, 466 U.S. 522, 538 n.17 (1984) ("When the question is whether a federal court should enjoin a pending state-court proceeding, even irreparable injury is insufficient unless it is both great and immediate.") (quotations and citations omitted).

**V.     Analysis**

Because petitioner's criminal appeal remains pending, this court should abstain from addressing the instant petition. Under the first prong of the Younger test, pendency of the state proceedings is determined at the time the federal petition is filed. Mission Oaks Mobile Home Park v. City of Hollister, 989 F.2d 359, 360-61 (9th Cir. 1993) overruled on other grounds by Green v. City of Tucson, 255 F.3d 1086, 1093 (9th Cir. 2001); Beltran v. California, 871 F.2d 777, 781 (9th Cir. 1988). State proceedings are ongoing if appellate remedies have not been exhausted. Huffman v. Pursue Ltd., 420 U.S. 592, 608-09 (1975). Here, petitioner acknowledges, and appellate court records indicate, that state proceedings are pending in petitioner's criminal case because the state court has not ruled on the appeal of petitioner's conviction.

////

Second, criminal proceedings, by their very nature, involve important state interests. See Koerner v. Grigas, 328 F.3d 1039, 1046 (9th Cir. 2003) (citing Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curium)) (The state has an important interest in passing upon and correcting violations of a defendant's rights.).

In considering the third factor, the Supreme Court has noted that "where vital state interests are involved, a federal court should abstain 'unless state law clearly bars the interposition of the Constitutional claims.'" Middlesex County Ethics Commission, 457 U.S. at 432 (quoting Moore v. Simms, 442 U.S. 415, 426 (1979)). A federal court should assume that state procedures will afford an adequate opportunity for consideration of Constitutional claims "in the absence of unambiguous authority to the contrary." Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 15 (1987). Petitioner has an adequate opportunity to raise the constitutional issues underlying his conviction in a habeas petition if his conviction is affirmed on appeal. While petitioner's appellate counsel has not raised the claims alleged in the petition on appeal, petitioner will not lose his ability to pursue the claims stated in the petition by waiting until his conviction is final before applying for habeas relief.

Petitioner has neither argued nor shown that an exception to the Younger abstention applies. There is no suggestion of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate. Irreparable injury does not exist in such situations if the threat to petitioner's federally protected rights may be eliminated by his appeal of the criminal case. Moreover, "even irreparable injury is insufficient [to permit interference with the proceeding] unless it is 'both great and immediate.'" Younger, 401 U.S. at 46 (quoting Fenner v. Boykin, 271 U.S. 240, 243-44 (1926)).

Under Ninth Circuit precedent, "a district court may not adjudicate a federal habeas petition while a petitioner's direct state appeal is pending." Henderson v. Johnson, 710 F.3d 872, 874 (9th Cir. 2013) (citing Sherwood, 716 F.2d at 634). This is true even if the claims raised in the federal petition are fully exhausted. See Sherwood, 716 F.2d at 634. If petitioner's appeal is granted, the instant petition may be rendered moot. See Id. at 633 (citation omitted). Thus, the instant petition is premature. See Id. at 634; Henderson, 710 F.3d at 874 ("Sherwood stands for

the proposition that a district court may not adjudicate a federal habeas petition while a petitioner's direct state appeal is pending.").

The instant federal petition was prematurely filed because there is no final judgment. This court's jurisdiction to review the merits of a habeas petition commences, in pertinent part, on "the date on which the judgment became final by the conclusion of direct review[.]" 28 U.S.C. § 2244(d)(1)(A). "'Final judgment in a criminal case means sentence. The sentence is the judgment.'" Burton v. Stewart, 549 U.S. 147, 156 (2007) (per curium) (quoting Berman v. United States, 302 U.S. 211, 212 (1937)). Hence, this court is without jurisdiction to consider petitioner's habeas petition until both his conviction *and* sentence become final. Burton, 549 U.S. 156-57 (emphasis in original).

Accordingly, the undersigned concludes that the Younger doctrine requires dismissal of this action without prejudice. See Beltran, 871 F.2d at 782 ("Where Younger abstention is appropriate, a district court cannot refuse to abstain, retain jurisdiction over the action, and render a decision on the merits after the state proceedings have ended. To the contrary, Younger abstention requires *dismissal* of the federal action." (Emphasis in original; citations omitted.)).

**CONCLUSION**

For the reasons set forth above, IT IS HEREBY RECOMMENDED that respondent's motion to dismiss (ECF No. 14) be granted and the petition be dismissed without prejudice.

These findings and recommendations will be submitted to the Untied States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991). In the objections, the party may address whether a certificate of appealability should issue in the event an appeal of the judgment in this case is filed. See Rule 11, Rules Governing § 2254 Cases (the

////

district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated: May 21, 2019

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:12
DLB:1/Orders/Prisoner/Habeas.brow1344.mtd